Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan Humphrey Lefkow | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6356 | **DATE** | 1/15/2002 |
| **CASE TITLE** | Ramiro Fernando Verdesoto, *et al.* vs. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER REPORT AND RECOMMENDATION.** The Court respectfully recommends that plaintiff's motion for return of property [doc. # 1] be denied, and that this action be dismissed for lack of jurisdiction. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed.R.Civ.P. 72(a). Failure to file objections with the district court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *See Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 986)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | JAN 1 5 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 1/15/2002 | |
| ✓ | Copy to judge/magistrate judge. | | date mailed notice | |
| JJK | courtroom deputy's initials | Date/time received in central Clerk's Office | JJK mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**JAN 1 5 2002**

RAMIRO FERNANDO VERDESTOTO, )
also known as "Orlando Latorie Valantin," )
and CLARENA URIBE, also known as )
"Maria Diaz," )
)
              Plaintiffs, )
)
v. )
)
UNITED STATES OF AMERICA, )
)
              Defendant. )

Case No. 01 C 6356
Judge Joan H. Lefkow
Magistrate Judge Sidney I. Schenkier

## REPORT AND RECOMMENDATION

On June 15, 2001, agents of the Federal Bureau of Investigation ("FBI") conducted a search of an apartment, during which various items were seized. Thereafter, on August 16, 2001, the plaintiffs – Ramiro Fernando Verdesoto, also known as "Orlando Latorie Valantin," and Clarena Uribe, also known as "Maria Diaz" – filed this motion for return of property pursuant to Federal Rule of Criminal Procedure 41(e) (doc. # 1). By an order of September 19, 2001 (doc. # 2), the motion was referred to this Court.

The United States Government, the defendant, has filed a response opposing return of this property on two grounds. *First,* the Government argues that the seized property is the subject of pending forfeiture proceedings pursuant to the Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983 *et seq.* ("CAFRA"), and that this Court thus lacks jurisdiction to hear the Rule 41(e) motion because plaintiffs have an adequate remedy at law in the administrative proceedings. *Second,* the Government argues that, even if the Court has jurisdiction, the plaintiffs cannot show that they are lawfully entitled to possess the property, that they have a demonstrable need for immediate

possession, or that their interests in retaining possession of the property outweigh the government's interest in retaining custody.

On December 19, 2001, after the plaintiffs did not file a reply after obtaining an extension of time in which to do so, the Court *sua sponte* gave the plaintiffs an extension of time to file a reply by January 7, 2002. In that order, the Court indicated that if plaintiffs failed to file their reply by January 7, 2001, the Court would consider the briefing closed and would address the motion. The plaintiffs have failed to file any reply, and so the Court decides the motion based on the papers submitted.

The Court finds that controlling Seventh Circuit law requires dismissal of plaintiff's Rule 41(e) motion for lack of jurisdiction. In *Linarez v. United States Dep't of Justice*, 2 F.3d 208, 212-13 (7th Cir. 1993), the Court held that "a forfeiture cannot be challenged in district court under any legal theory if the claims *could have* been raised in an administrative proceeding, but *were not.*" *Id.* at 213 (emphasis in original). In that opinion, the Seventh Circuit stated that an administrative proceeding divests the district court of "jurisdiction over the forfeiture by mailing and publishing a notice of its intent to forfeit" the subject property. *Id.* at 212. The Seventh Circuit did indicate, however, that jurisdiction can be "returned" to the district court if the plaintiffs file a claim of ownership and bond within the required time period set forth in the administrative notice of forfeiture. *Id.* Such a claim would require the agency seeking forfeiture to institute judicial forfeiture proceedings, where plaintiffs could then challenge the seizure of their property. *See id.* at 213 (plaintiff "could have raised these claims in district court *after* filing a claim of interest and posting a bond with the DEA").

During a proceeding in open court, plaintiffs argued that the administrative proceeding could not bar this action because the proceeding was not timely initiated. But, the evidence submitted by

2

the Government shows that extensions of time were timely sought and obtained through November 12, 2001, and the administrative proceeding was initiated within that period of time. Accordingly, the Court finds that the administrative proceeding was timely initiated.

The Court further finds that under *Linarez*, the administrative forfeiture proceeding divests the Court of jurisdiction over this motion. Based on the papers submitted, there is no evidence that plaintiffs filed a claim of ownership interest and a bond by December 4, 2001, as required by the administrative notice mailed to them on October 30, 2001 (sent certified mail with return receipt). Thus, the plaintiffs here, like the plaintiff in *Linarez*, seek to bypass the administrative proceedings by filing the present Rule 41(e) motion. Such motion should not be allowed because we lack jurisdiction under *Linarez*, and, therefore, the Court need not address the other arguments raised by the parties.

The Court respectfully recommends that plaintiff's motion for return of property (doc. # 1) be denied, and that this action be dismissed for lack of jurisdiction. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed.R.Civ.P. 72(a). Failure to file objections with the district court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *See Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir.1986).

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

**Dated: January 15, 2002**

3